**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-80015-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CORY LLOYD and STEVEN STRONG,

    Defendants.

_____/

**ORDER ON MOTION IN LIMINE**
**TO EXCLUDE INADMISSIBLE HEARSAY**

THIS CAUSE is before the Court upon the United States's Motion to Exclude Inadmissible Hearsay (DE 107), to which both Defendants have responded separately (DE 119, DE 124).

Defendants are alleged to have engaged in a scheme to submit false and fraudulent enrollment applications for Affordable Care Act (ACA) plans by recruiting consumers for subsidized plans and lying on the plan applications by manipulating applicants' incomes so as to qualify applicants for the maximum possible subsidies. This in turn yielded profits for Defendants in the form of commissions.

The Government moves to exclude the following categories of evidence which it asserts is hearsay: (1) the Defendants' own self-serving, out-of-court statements; (2) out-of-court statements by Defendants' employees where the offering Defendant did not participate in the conversation; and (3) out-of-court statements by third parties unconnected to any Defendant. (DE 107 at 1). The Government, mindful of the difficulty of deciding evidentiary issues of this nature without the context of trial, has highlighted snapshots of specific pieces of evidence in an effort to demonstrate why a particular category of evidence is objectionable. (*Id.*). In response, the Defendants assert

that the Government's Motion "presupposes impermissible uses for every piece of evidence, ignoring the possibility—indeed, the likelihood—that the same materials will be properly offered as exceptions to the hearsay rule or offered for non-hearsay purposes." (DE 124 at 1).

As the outset, the Government's sweeping categorization of this evidence as broadly inadmissible is not appropriate, and as the Government itself concedes, the benefit of context is necessary before I can make any sort of informed ruling. And even as it pertains to the specific snapshots of evidence that the Government asserts would be inadmissible hearsay, that is exactly what they are: snapshots devoid of foundation and context. The Government's presumptions regarding how the defense will ultimately seek to use this evidence at trial is not grounds to exclude all of it at this preliminary stage.

I will deny the Government's motion at this time, and I will evaluate how the evidentiary presentation is evolving as trial proceeds. This denial is without prejudice to the Government's ability to make contemporaneous objections at the time of trial to particular out of court statements that it asserts is inadmissible hearsay.

Accordingly, it is **ORDERED** that Government's Motion to Exclude Inadmissible Hearsay (DE 107) is **DENIED WITHOUT PREJUDICE.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 2nd day of November, 2025.

Donald M. Middlebrooks
United States District Judge